[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14243
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00088-LGW-JEG


SAVAGE & TURNER, P.C.,
AND KENNETH E. FUTCH, P.C.,

                                                        Plaintiffs-Appellants,

versus

FIDELITY & DEPOSIT COMPANY OF MARYLAND,
AND ZURICH AMERICAN INSURANCE COMPANY,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 20, 2012)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

In this case, Savage & Turner, P.C., and Kenneth E. Futch, P.C. (collectively, the "Law Firms") sued Zurich American Insurance Company, and its subsidiary, Fidelity & Deposit Company of Maryland (collectively, "F&D") for tortious interference with their contractual relations, seeking compensatory and punitive damages and attorneys' fees. The gist of the alleged tortious interference is that F&D interfered with the ability of the Law Firms to recover attorneys' fees due them for representing Douglas Asphalt Company and its principals, Joel Spivey and Kyle Spivey, in various lawsuits. F&D denied liability and moved the district court for summary judgment. The court granted the motion, in an order entered August 10, 2011, concluding that the Law Firms presented nothing of evidentiary value to support their tortious interference claim.

The Law Firms now appeal the judgment the district court entered pursuant to its August 10 order. They ask us to vacate the judgment and remand the case for further consideration because material issues of fact exist that precluded the granting of summary judgment. For the reasons the district court explained in its August 10 order, there is absolutely nothing in the record—save the Law Firms' conclusory allegations—to support the Law Firms' claim. The district court's judgment is, accordingly,

AFFIRMED.